IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LINDA KAY DANIEL,                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 2:08CV76-SAA

COMMISSIONER OF SOCIAL SECURITY,                                                    DEFENDANT

# MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the plaintiff's application for a period of disability (POD) and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI. The court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case; therefore the undersigned has the authority to issue this opinion and the accompanying final judgment.

The plaintiff Linda Kay Daniel was born in 1966 and was almost 38 years old on her alleged onset date of July 15, 2004. Although not a high school graduate, she progressed to the eleventh grade in school. (Tr. 244) Her past employment experience consists of work as a mig welder, spot welder, light coil winder and a sewing machine operator. (Tr. 58). The plaintiff filed her applications for period of disability, disability insurance benefits and SSI on October 13, 2005. (Tr. 22). Plaintiff's requests for benefits were denied at the initial and reconsideration

stages, and she sought timely review from an administrative law judge (ALJ). (Tr. 66-73, 77-78). An administrative hearing was held before an ALJ on August 10, 2007. (Tr. 29). At the hearing the plaintiff and a vocational expert (VE), Dr. C. Greg Cates, testified. (Tr. 30). The disabilities plaintiff alleged include having had cervical cancer and subsequent treatment in 2004 and 2005, obstruction of the bowel, menopausal symptoms and ankle pain after an injury and surgery on her ankle in 2006. (Tr. 41, 42, 198, 205, 243). At the hearing, counsel for plaintiff indicated that plaintiff was seeing a physician, Dr. Pravin Patel, a specialist, who had been contacted to provide an opinion relating to plaintiff's impairments and work-related ability, but at that time Dr. Patel declined to provide an opinion because he had not seen plaintiff recently enough. (Tr. 61). In an opinion dated September 5, 2007, the ALJ found the plaintiff was not under a disability and denied her request for benefits. (Tr. 28). After the ALJ issued his decision the plaintiff submitted a medical source statement, dated February 11, 2008, from Dr. Pravin P. Patel as additional evidence. (Tr. 6 - 10). The Appeals Council reviewed the decision and the additional evidence and found there was no basis for changing the ALJ's decision. (Tr. 2-3). Plaintiff timely appealed to this court.

  The ALJ determined that the plaintiff suffers from "severe" impairments in the form of post cervical cancer and subsequent treatment and post traumatic arthralgias of the right ankle but that these impairments, either singly or in combination, failed to meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24-25, Finding Nos. 3 & 4). He discounted plaintiff's subjective complaints, finding that despite her testimony that she occasionally uses a cane to walk, it was not prescribed by a doctor. The ALJ further found that plaintiff's claim that she could only lift and carry five pounds, walk and stand for thirty minutes,

2

sit for thirty minutes, could not squat, crawl or bend over, as well as her other claimed limitations on her activities of daily living were neither supported by substantial evidence nor supported by the objective medical evidence in the record . (Tr. 27).

After considering the record, testimony at the hearing and the applicable regulations and guidelines, the ALJ determined that the plaintiff retained the residual functional capacity [RFC] to lift/carry and push/pull ten pounds frequently and twenty pounds occasionally; sit for six hours in an eight-hour workday; stand/walk four hours in an eight-hour workday, 15 minutes uninterrupted; occasionally climb, crouch and balance but never kneel or crawl; occasionally push/pull five pounds with her right lower extremity but frequently push/pull with her left lower extremity and reach overhead. He further found that she must avoid heights, heat, chemical fumes, humidity, hazards and vibrations, that she is limited to jobs that allow her to take restroom breaks more than two or three times each morning and each afternoon and that she is limited to jobs that do not require fine bilateral visual activity. (Tr. 25, Finding No. 5). In making these findings, the ALJ afforded significant weight to the examination and assessment of Drs. Arthur Greenberg and Mark Reed and afforded some weight to the assessment of Dr. Carol Kossman. (Tr. 27). Considering this determination in conjunction with the testimony of a vocational expert [VE], the ALJ found that the plaintiff was able to perform her past relevant work as a coil winder and a sewing machine operator. (Tr. 27 - 28, Finding No. 6). Based on this finding, the ALJ determined that the plaintiff was not under a disability as defined by the Social Security Act. (Tr. 28).

On appeal, the plaintiff raises three issues:

      1.      The ALJ mis-characterized plaintiff's daily activities to negatively

    affect her credibility;
2. The Appeals Council erred by "simply ignoring" the medical source statement from Dr. Pravin Patel and accompanying attorney letter;
3. The ALJ failed to consider a closed period of disability although the claimant had a cervical cancer operation.

Docket 13.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through the five-step sequential evaluation process established by the Social Security Administration.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] The steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
> 3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
> 4. If an individual is capable of performing the work [s]he has done in the past, a finding of "not disabled" must be made.
> 5. If an individual's impairment precludes [her] from performing [her] past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Dominguez v. Astrue*, 286 Fed.Appx. 182, 187-188, 2008 WL 2787483, *4 (5th Cir.,2008). In analyzing step five, considering plaintiff's RFC, age, education and past work experience, the

---

[1] *See* 20 C.F.R. §§ 404.1520 (1996) & 416.920 (1996).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

ALJ determines whether she is capable of performing other work.[3] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[4] Under applicable Social Security rules and regulations, the Commissioner has the final responsibility for determining an individual's residual functional capacity ("RFC"), whether that RFC prevents her from doing past relevant work, and ultimately for determining whether an individual is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1527.

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

<u>ALJ's analysis of plaintiff's credibility</u>

Plaintiff argues that although the ALJ followed the directives of 20 CFR §§ 404.1529(c) and 416.929(c) regarding plaintiff's subjective complaints of pain and a greater degree of severity of impairment than could be shown by the objective medical evidence, his mis-characterization

---

[3] 20 C.F.R §§ 404.1520(f)(1) (1996) & 416.920(f)(1) (1996).

[4] *Muse*, 925 F.2d at 789.

5

of her testimony regarding her activities of daily living resulted in a finding that she was not fully credible. Specifically, the plaintiff points to the following testimony:

> Q. What housework can you do?
> A. I wash dishes until – for a limited time, you know, until I – my foot hurts. And then – well, I have a small trailer, so its not very much. I mean, just sweep a little bit, you know, and --
> Q. Okay.
> A. – I have my --
> Q. Able to cook?
> A. Not much, just quick things.
> Q. Okay. You able to wash your clothes, do your laundry?
> A. Well I get them in the wash, and I have my daughter get them out and do them --
> Q. Okay --
> A. – and stuff.
> Q. Do you do any grocery shopping?
> A. Yeah, at Wal-Mart. I get in the buggy, and ride around.
> Q. Do you do any ironing?
> A. No.
> Q. Vacuuming?
> A. No.
> Q. Make your bed?
> A. Yeah, I make my bed.
> Q. Take out the trash?
> A. Yeah.
> Q. Do any gardening or yard work?
> A. Very little. Well, I mean, I water my flowers.

(Tr. 50-51). In this case, the ALJ cited to all relevant regulations as well as applicable Social Security Rulings and upon review of the standards, stated in relevant part,

> The undersigned considered the claimant's allegations and hearing testimony and finds her to be less than fully credible. The claimant related an ability to lift/carry 5 pounds, walk/stand for 30 minutes, and sit for 30 minutes. Although she stated she cannot squat, crawl, or bend over and experiences occasional balance problems, at the consultative examination in April 2007, the claimant demonstrated an ability to fully perform each of these activities (Exhibit 6F). The claimant reported occasional use of a cane with prolonged walking, but admitted this was not prescribed by any doctor. Despite allegations of daily pain and abdominal discomfort, the claimant stated she was not taking any prescription or over the counter medications and admitted she had not been to a doctor or

6

> emergency room in several months. The claimant initially stated she performs very few household chores, but later admitted she makes her bed, takes out the trash, does a little yard work, goes shopping, bathes and dresses herself, and makes her bed [sic]. Moreover, the claimant related independently caring for her teenaged daughter. The significant functional limitations described by the claimant are not supported by the substantial evidence. Furthermore, none of the medical records submitted indicate any limitations or restrictions for claimant's activities of daily living.
>
> After considering the evidence of the record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 27). The plaintiff argues that this description is inconsistent with the plaintiff's actual hearing testimony. The court disagrees.

An ALJ's "determination or decision [regarding credibility] must contain *specific reasons* for the finding on credibility, *supported by the evidence* in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (emphasis added). Social Security Ruling 96-7p was written to clarify the procedure to be used in assessing the credibility of a Social Security claimant's statements about symptoms and pain. *See Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims-Assessing the Credibility of an Individual's Statements,* SSR 96-7p, at * 1. The Ruling requires the ALJ to engage in a two-step process. In the first step, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the plaintiff's pain or other symptoms. *Id.* at * 2. If the ALJ determines there exists an underlying physical or mental

impairment that could reasonably be expected to produce the plaintiff's pain, he must then evaluate the intensity, persistence, and limiting effects of symptoms to determine the extent to which the symptoms limit her ability to do basic work activities. For this purpose, whenever the plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of those statements based on a consideration of the entire case record. SSR 96-7p, 1996 WL 374186, *2. That Ruling provides in part:

> When assessing the credibility of an individual's statements, the adjudicator must consider:
> (1) the individual's daily activities;
> (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms;
> (3) factors that precipitate and aggravate the symptoms;
> (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and
> (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186 at $^*$3; *see* 20 C.F.R. § 404.1529(c)(3)(I)-(vii). Further, "the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96-7p, 1996 WL 374186, at $^*$4. "All of the evidence in the case record, including the individual's statements, must be considered before a conclusion can be made about disability." *Id.* at $^*$5. In actuality, the ALJ's description and analysis as quoted above not only is consistent with the testimony quoted by plaintiff, but is also is consistent with her testimony as a whole. Moreover, the ALJ supported his determination regarding plaintiff's

8

credibility by noting inconsistencies between the plaintiff's testimony and the objective evidence in the record. Although he did not reach a result that was favorable to the plaintiff, his determination was well reasoned and supported by the evidence in the record. Accordingly, the court holds that the ALJ's determination regarding plaintiff's credibility should be affirmed.

<u>Appeals Council's consideration of Dr. Patel's medical source statement</u>

The plaintiff submitted additional evidence – the medical source statement from Dr. Pravinchandra P. Patel – on February 12, 2008. (Tr. 6-11). In the form, Dr. Patel opined that the plaintiff could lift no more than ten pounds, could stand/walk no more than fifteen or twenty minutes at a time, could sit for only four hours at a time or for four hours in a day, and that she could never perform postural activities such as climbing or balancing. (Tr. 7-8). The plaintiff argues that although the Appeals Council acknowledged the receipt of Dr. Patel's medical source statement, it merely "rubber stamped" the ALJ's decision without fully considering Dr. Patel's opinion. Docket 13, p. 10.

When new evidence becomes available after the ALJ's decision, and there is a reasonable likelihood that the new evidence could change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. *Govea v. Astrue*, 2008 WL 2952343, *4 (W.D.Tex.,2008), citing *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995). Evidence is not material if it relates to a disability or to the deterioration of a previously non-disabling condition resulting after the period for which benefits are sought. *Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir.1994). If new and material evidence was properly presented to and considered by the Appeals Council, this court must consider that evidence as part of the entire record, even if the Appeals Council denied review. *Rodriguez v. Barnhart,* 252 F.Supp.2d 329, 335

9

(S.D.Tex.2003).

In this case, Appeals Council considered the MSS form from Dr. Patel and concluded that it did not provide a basis for changing the ALJ's decision. (Tr. 2-3). It is well settled that a brief, conclusory statement by a physician as to disability lacks strong persuasive weight. *Scott v. Schweiker,* 770 F.2d 482, 485 (5th Cir.1985); *Oldman v. Schweiker,* 600 F.2d 1078, 1085 (5th Cir.1981). It is also proper for an ALJ to reject the opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Finally, the standard in the Fifth Circuit which allows discounting evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence, is widely known. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

In this case, the evidence submitted by the plaintiff was both new and material. It was admittedly considered by the Appeals Council. Dr. Patel's medical source statement is more restrictive of the plaintiff's abilities; it limits the plaintiff to the ability to lift/carry less than 10 pounds and to stand/walk to no more than fifteen or twenty minutes at a time and states that she can sit for only four hours at a time or for four hours in a day and should never perform postural activities such as climbing or balancing. Nevertheless, it is no more than conclusory. (Tr. 7-8). This opinion is supported by no medical records or treatment notes from Dr. Patel, nor is there any medical evidence, including treatment notes or records, from Dr. Patel in the record despite the plaintiff having seen him beginning in June 2006. (Tr. 7, 41, 61). The medical evidence in the record, specifically the medical source statement and assessment of Dr. Arthur Greenberg, the

assessment of Dr. Carol Kossman and the medical records and treatment notes from Dr. Mark Reed, differs from Dr. Patel's opinion regarding plaintiff's ability to lift and carry, her ability to perform postural activities and working around heights, moving machinery, temperature extremes and vibrations. (Compare Tr. 251-254 with Tr. 7-10; see generally Tr. 171- 198, 218, 219-242). The court holds that the ALJ's determination is consistent with the objective medical evidence and the medical evidence overall. Absent evidence of the foundation for Dr. Patel's opinions, the Appeals Council was correct in finding that the submission of the new medical source statement did not provide a basis for changing the ALJ's decision or for remand.

Consideration of a closed period of disability

Finally, the plaintiff argues that the record in this case supports a finding of a closed period of disability because she had suffered from cervical cancer. Plaintiff's basis for this argument is that she was diagnosed with cervical cancer in July 2004, had surgery in December 2004 and was incapacitated for at least one year from the date of her diagnosis. This argument warrants little discussion.

It is the policy of the Social Security Administration to establish a closed period of disability where the evidence establishes that a plaintiff was unable to engage in substantial gainful activity for a continuous period of 12 months, but the claimant is no longer disabled by the time a disability determination is made. 3 Soc. Sec. Law & Prac. § 39:64; *see* Title 42 U.S.C. § 416(i)(2)(D). The medical evidence in this case shows that the plaintiff was diagnosed with cervical cancer in July 2004, was treated with radiation therapy and chemotherapy in the fall and early winter of 2004 and by February 2005 she was "presently without evidence of disease." (Tr. 218, 226). The records reveal that during this time the plaintiff suffered from menopausal

symptoms which could be controlled with medication and problems relating to her bowel, which was normal after radiation. (Tr. 222, 226). The record supports the ALJ's decision and establishes that the plaintiff's cervical cancer was resolved in less than a 12-month period. The ALJ's determination of plaintiff's RFC accounts for any continuing bowel conditions. The facts and evidence in this case do not warrant a finding of a closed period of disability, and the plaintiff has brought forth no additional proof to the contrary. Therefore, the court holds that plaintiff's argument that she should be entitled to benefits for a closed period of disability is without merit.

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence as required by this Circuit and therefore must be affirmed.

## CONCLUSION

A final judgment in accordance with this memorandum opinion will be issued this day. This, the 21st day of December, 2009.

    /s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE